UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY JEROME GAINES,

    Petitioner,

v.                              Case No. 3:05-cv-1309-J-12TEM
FLORIDA ATTORNEY GENERAL,
et al.,

    Respondents.
_____

## ORDER

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on April 22, 2005. Petitioner raises one claim of ineffective assistance of counsel for failure to call his witness. Petition at 5. Respondents have filed a Motion to Dismiss for Failure to Exhaust or, in the Alternative, Hold in Abeyance (Doc. #21).

Upon review of the record, it is clear that Petitioner has an action pending in state court concerning the challenged conviction. In particular, Petitioner has a Rule 3.850 motion pending in the state system, and the actual issue raised in this case, ineffective assistance of counsel for failure to contact a witness, as well as

other claims of ineffective assistance of counsel, are presented in the Rule 3.850 motion.[1]

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's challenge to his judgment of conviction and sentence. Thus, this case will be dismissed without prejudice to give Petitioner the opportunity to complete his action in state court and to exhaust his state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED:**

1. The Respondents' February 24, 2006, Motion to Dismiss for Failure to Exhaust (Doc. #21) is **GRANTED**, and this case is dismissed without prejudice.[2]

---

[1] Petitioner asserts that he raised this claim of ineffective assistance of counsel on direct appeal; however, upon review of the document attached to his Petition, it is clear that he did not raise a claim of ineffective assistance of counsel. Instead, he claimed the trial court erred concerning the defendant's request to discharge his attorney. Petition at 5; Attachment to Petition. No constitutional claim of ineffective assistance of counsel was presented. Thus, Petitioner has not exhausted the current issue pending before this Court in the state system.

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for

2.   The Respondents' February 24, 2006, Motion to Hold in Abeyance (Doc. #21) is **DENIED** as moot.

3.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of March, 2006.

                                      _____
                                      UNITED STATES DISTRICT JUDGE

sa 3/14
c:
Anthony Jerome Gaines

---

state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).